# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH ANN LEE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) Case No. CIV-10-476-L ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**..

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on July 10, 2008 alleging a disability since March 2, 2008 (TR. 13). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 63, 64). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on November 17, 2009 (TR. 29-62). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 33-54). A vocational expert (VE) testified at the request of the ALJ (TR. 27-33). The ALJ issued his decision on December 15, 2009 finding that Plaintiff was not entitled to DIB (TR. 13-24). The Appeals Council considered

additional information from Plaintiff and then denied the Plaintiff's request for review on March 12, 2010, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4, 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 15). At step two, the ALJ concluded that Plaintiff's posterior annular fissure at L5-S1, migraine headaches, and fibromyalgia were severe impairments (TR. 15). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17). At step four, the

ALJ found that Plaintiff was able to perform her past relevant work (PRW) as a nurse administrator (TR. 22). Despite his finding at step four, the ALJ continued to step five.

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ made an alternative finding that Plaintiff retained the RFC to perform a limited range of light work (TR. 23). The ALJ considered the testimony of the VE and determined there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 23). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 24).

On appeal to this Court, Plaintiff argues that the ALJ committed reversible error by failing to properly evaluate the medical evidence; by failing to itemize Plaintiff's specific mental limitations; and by failing to assess the mental demands of Plaintiff's PRW.

In September 2008, a Psychiatric Review Technique (PRT) was completed by a non-examining, agency physician, Ron Smallwood, Ph.D., who found that Plaintiff's mental impairments were "not severe"; and further found that Plaintiff experienced only "mild" degrees of limitation from her mental impairments (TR. 298, 308).

In November 2008, Plaintiff's treating physician, Bettina Veronneau, M.D., reported that Plaintiff was prescribed antidepressants, but "despite various adjustments and changes of medications, she continues to be incapacitated by severe headaches, back pain, malaise and anxiety" (TR. 359). Dr. Veronneau further concluded that she believed Plaintiff's "physical and psychiatric maladies do limit her ability to function adequately in a work environment" (TR. 359). In May 2009, Dr. Veronneau noted that Plaintiff continued to "battle depression"; and that she

3

continued to take prescribed antidepressants but felt "very depressed" (TR. 369). Dr. Veronneau assessed Plaintiff as having "moderately severe depression and anxiety" (TR. 370).

In April 2009, Plaintiff was examined by her treating physician, Jennifer Morris, M.D. (psychiatrist), who found that Plaintiff's affect/demeanor was "anxious, depressed, flat"; that she displayed "psychomotor retardation"; and that her speech pattern was flat with "paucity of language" (TR. 393). In April and May 2009, Dr. Morris assessed Plaintiff as having major depression, single episode; generalized anxiety disorder; and social anxiety disorder (TR. 393, 390). Plaintiff was prescribed antidepressants and Dr. Morris ordered "pharmacologic management with no more than minimal medical psychotherapy" (TR. 391, 390). In June 2009, Dr. Morris found that Plaintiff was positive for anxiety and depression; and in July 2009 reported that Plaintiff depression was better, but that her anxiety was higher, and that her sleep was "not as good" (TR. 389).

In September 2009, Dr. Morris again found Plaintiff to be positive for anxiety and depression (TR. 387). In November 2009, Dr. Morris completed a Mental Medical Source Statement in which she concluded that Plaintiff had a "moderate" limitation in her ability to remember locations and work-like procedures; moderate limitation in her ability to understand, remember and carry out detailed instructions; moderate limitation in her ability to work in coordination with or proximity to others without being distracted by them; and moderate limitation in her ability to interact appropriately with the general public (TR. 400-401). Dr. Morris also concluded that Plaintiff had a "marked" limitation in her ability to maintain attention and concentration for extended periods; marked limitation in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; marked limitation in her ability to make simple work related decisions; and a marked limitation in her ability to ask simple questions or request assistance (TR. 401). Dr. Morris further concluded that Plaintiff had a "severe" limitation in her ability to sustain an ordinary routine without special supervision; a severe limitation in her ability to

complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and a severe limitation in her ability to accept instructions and respond appropriately to criticism from supervisors (TR. 401).

Plaintiff urges that the ALJ failed to properly evaluate the medical evidence (See Plaintiff's Brief at pages 12-15). Most of Plaintiff's assertions of error stem from the Commissioner's failure to acknowledge at step two that Plaintiff's depression and anxiety disorder were severe impairments. Step two of the sequential evaluation process, is governed by the Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137,140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

5

>   (3)  Understanding, carrying out, and remembering simple instructions;
>
>   (4)  Use of Judgment;
>
>   (5)  Responding appropriately to supervision, co-workers and usual work situations; and
>
>   (6)  Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> Increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added). The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

*Social Security Ruling 85-28* (1985). In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

The record contains medical evidence of Plaintiff's depression and anxiety disorder, their treatment, and their impact on Plaintiff's ability to do basic work activities. Thus, it is apparent that the ALJ erred in not finding at step two that Plaintiff's depression and anxiety disorder were severe and further erred in not considering them in determining her RFC. The ALJ's finding at step two

taints the RFC determination and the balance of the sequential evaluation, therefore, Plaintiff's remaining assertions of error will not be addressed in this report and recommendation. However, on remand, the ALJ should consider Plaintiff's depression and anxiety disorder in formulating her RFC and in completing the remaining steps of the sequential evaluation process. The Commissioner should also perform his duty to develop the record by obtaining a consultative psychological examination of Plaintiff. The Commissioner should also exercise care in insuring that the non-examining state agency psychologists whose opinions were given "great weight" by the ALJ have the benefit of the new consultative examination together with medical records of Plaintiff's treating physician, Dr. Veronneau and her treating psychiatrist, Dr. Morris, which are in the transcript but were not reviewed as a basis for the "medical consultants" September 2008 opinions (TR. 21, 369-404).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the final decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 23, 2011**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this the 2nd day of May 2011.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE